UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
SEP 13 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-534-GWU

SCOTTY JEWELL,                                         PLAINTIFF,

VS.                        **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Jewell

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged

3

pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

4

Jewell

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

5

Jewell

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's

physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Scotty Jewell, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of a history of herniated disc (status post lumbar microdiscectomy at L5-S1), osteoarthritis, non insulin-dependent diabetes mellitus, a history of hypertension controlled with medication, and exogenous obesity. (Tr. 25). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. Jewell retained the residual functional capacity to perform a significant number of jobs existing in the economy and, therefore, was not entitled to benefits. (Tr. 26-9). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if he were limited to light level exertion, would require the option of sitting or standing at will, and could no more than occasionally climb, bend, crouch, and crawl. (Tr. 844-5). The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Tr. 845). Alternatively, the ALJ asked whether there would be any jobs available for an individual who could stand and walk less than two hours a day and

7

Jewell

sit less than two hours a day. (Tr. 845-6). The VE testified that such restrictions would preclude the ability to perform full-time work. (Tr. 846).

On appeal, counsel for the plaintiff points out that the ALJ stated in her decision that she found the functional capacity assessment of the plaintiff's treating neurosurgeon, Dr. Timothy Kriss, to be consistent with the overall record. (Tr. 22). By way of background, Dr. Kriss had performed surgery for an L5-S1 herniated disc on October 4, 2000 (Tr. 156-9,599-601) and submitted office notes indicating that he continued to see the plaintiff in follow-up regularly until September, 2001 (Tr. 244-52) and again evaluated the plaintiff in 2005 for lower back pain radiating into the left leg which was in "exactly the same location as he had with the previous work related L5-S1 disc herniation" (Tr. 446). Dr. Kriss submitted at least two functional capacity assessments, one of which was undated, and one of which was dated December, 2001, limiting the plaintiff to lifting no more than 20 pounds occasionally, standing and walking less than about two hours a day, sitting less than two hours a day, no more than 30 minutes of sitting or standing without changing positions, a requirement for alternating sitting or standing at will, never stooping, bending, crouching, or climbing ladders, occasionally twisting or climbing stairs, having restrictions on pushing and pulling, and citing a need to avoid concentrated exposure to hazards such as machinery and heights due to impairment of sensation in the left foot. (Tr. 239-41, 790-6).

Jewell

Clearly, this assessment is much more limiting than the ALJ's residual functional capacity finding, and the sitting and standing restrictions would preclude full-time work. Counsel for the plaintiff suggests that Mr. Jewell should be awarded benefits since Dr. Kriss was a treating physician and his opinion was reportedly being accepted by the ALJ. Moreover, the plaintiff's treating family physician, Dr. Kishore Jadhav, submitted functional capacity assessments also limiting the plaintiff to less than full-time sitting and standing in 2003. (Tr. 364-6, 506-10).

The Commissioner responds that the ALJ merely stated that Dr. Kriss's opinion was "consistent with the overall record" (Tr. 22) and that the ALJ could have relied upon the functional capacity finding of Dr. Bobby J. Kidd, a physician who examined the plaintiff on October 5, 2004 (Tr. 434-7). Dr. Kidd noted that the plaintiff was obese, weighing 271 pounds and height of little more than five feet 8 inches, but his physical examination showed relatively few abnormalities otherwise apart from positive straight leg raising testing on the left, and forward flexion limited to 25 degrees and squatting limited to 15 degrees apparently by the patient's choice. (Id.). Dr. Kidd found no lumbar spasm or tenderness, and no sensory deficits. (Id.). He diagnosed exogenous obesity, non insulin-dependent diabetes mellitus, and status post lumbar back surgery, and concluded that the plaintiff could perform medium level work, could occasionally bend, squat, crawl, and climb, and could frequently reach above shoulder level. (Tr. 438). He also indicated that he reviewed some records from the plaintiff's other physicians, including some records from Dr.

9

Jewell

Kriss from September, 2000 to February, 2001 (Tr. 439, 695-710). However, Dr. Kidd did not comment on the contents of these records.[1]

While the defendant maintains that Dr. Kidd's examination provides substantial evidence to support the functional capacity finding, she also concedes that applicable law requires a decision denying benefits to be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Social Security Ruling 96-2p, cited in Wilson v. Commissioner of Social Security, 378 F.3d 541, 544 (6th Cir. 2004). The ALJ in the present case stated that she found Dr. Kriss to be "consistent with the overall record" (Tr. 25) and that she was giving his opinion "great weight" (Tr. 26), but a clear rationale for declining to accept his sitting, standing, and walking restrictions is lacking. The omission is all the more noteworthy in light of the similar opinion of the plaintiff's other treating physician, Dr. Kishore Jadhav. The ALJ stated that his restrictions were not accepted because his "treatment notes indicate that he primarily treated the claimant due to his diabetic condition." (Tr. 22). However, the office notes reflect the prescription of Percocet for low back pain which was documented on several occasions in 2003 and 2004 by a restricted range of

---

[1] A previous one-time examiner, Dr. Mark Burns, had opined after a December, 2001 examination that the plaintiff had a normal orthopedic examination, and would have no restrictions other than a limitation to medium level exertion. (Tr. 771-6). Dr. Burns was not cited by the ALJ as a basis for her decision, however, and the Commissioner does not cite Dr. Burns either.

Jewell

motion of the back "with pain," an antalgic gait, and a positive straight leg raising test. (Tr. 369-76, 471-2, 477-8). Dr. Jadhav's office notes also confirm the plaintiff's testimony that he required Insulin for his diabetes, in contrast to the ALJ's finding that he was non-insulin dependant. (Tr. 28, 323-4, 834).

Although a remand will be required for additional consideration, the Court does not find this to be a case in which benefits should be automatically awarded at this juncture, in view of some early indications from Dr. Kriss that he believed that the plaintiff could perform a light or sedentary job "provided extended walking was not required" (Tr 244) or might be able to do "pure driving, supervisory, or dispatching duties" (Tr. 252).

The decision will be remanded for further consideration.

This the __/3__ day of September, 2006.

_____
G. WIX UNTHANK
SENIOR JUDGE

11